No. 886

First Circuit

HUBBS v. COMMUNITY STORES OF LA., INC.

(December 8, 1931. Opinion and Decree.)

R. F. Walker, of Baton Rouge, attorney for plaintiff, appellant.

Jess Johnson, of Baton Rouge, attorney for defendant, appellee.

ELLIOTT, J. Denis A. Hubbs claims of Community Stores of Louisiana, Incorporated, $187.27 for labor performed in fitting for its occupancy the store building leased by it from Dr. W. C. Ratliff and Dr. W. H. Ratliff in lot 2 of square 2 facing west on Bayou Sarah road in Suburb Prosperity, city of Baton Rouge.

He alleges that his work was building a latticed partition separating the rear from the balance of the store, for use as a meat market.

The work done, material used, cost of same, and amount due is said to be shown by an itemized account annexed to and made part of the petition. The account annexed was, however, not itemized except as to the time which he and the other carpenters worked and the amount earned by each. At the request of defendant the plaintiff submitted a further account showing each item of work done, but other items which went into the service to make up the total sum claimed were not itemized. The lower court ruled, however, that with the amended and supplemental account, the detail of the claim was sufficiently shown. And there seems to be no further complaint on that subject.

Defendant alleges in its original answer that payment has been made to the plaintiff for all work which he was employed by defendant to do.

That Messrs. W. C. and W. H. Ratliff, owners of the building, are responsible for the cost of the partition on account of which claim is made by him against it.

In an amended and supplemental answer, defendant alleges that it paid the plaintiff $168.85, covering all work and materials and labor performed by plaintiff for defendant and that the amount was a full, fair, and reasonable consideration for same.

There was judgment rejecting plaintiff's demand, and he has appealed.

The suit is not to recover on account of work done by the job, under the provisions of the Civil Code, art. 2756 et seq., but is for work done by the hour and for material used; plaintiff furnishing labor and material to do the work. The evidence is voluminous and so conflicting, and the facts as to the work done and material not paid for so enmeshed with other testimony, that, although it seems that plaintiff has not been paid for the material used in building and painting the partition and for labor employed in constructing and painting same, we find it impossible to come to a satisfactory conclusion that defendant owes the plaintiff on account of the work and material for which he claims, nor can we determine with reasonable certainty the amount to which the plaintiff is entitled on said account.

The evidence indicates that there is a dispute between Dr. W. C. Ratliff and Dr. W. H. Ratliff, owners of the building, and Community Stores of Louisiana, Inc., lessee, as to which of them should pay for the partition.

Mr. Hubbs admits, and Mr. Ryan, manager of Community Stores of Louisiana, Inc., during a temporary absence of Mr. Hause, testifies, that after plaintiff had finished the work he called on Mr. Ryan to assist him in getting Messrs. Ratliff to pay him the amount which he claims in the present suit.

Dr. W. C. Ratliff, witness for the plaintiff, testifies that Mr. Hubbs called on him about the matter, and that he informed

him that he did not know anything about the meat market and lattice work, did not owe him anything, and that Mr. Hubbs gave him a release from all his debts and indebtedness and that he paid him in full. The record contains such a receipt. It bears date June 30, 1928, and concludes with a statement:

"This is a receipt for their entire indebtedness and I hereby relinquish them from all other debts."

Mr. Hause, manager for defendant and in charge of the work done to equip the building for its occupation, testifies that Dr. Ratliff (likely Dr. W. C. Ratliff) agreed to put in the latticed partition across the rear end of the store to form a meat market, and the evidence shows that Dr. Ratliff paid for the lumber used in constructing it without questioning his liability for same.

Mr. Hause further testifies that he, in company with Mr. Ryan and Mr. Johnson, attorney, went to see Dr. Ratliff about paying the amount claimed by Mr. Hubbs, and that Dr. Ratliff told him that, "if the price had been forty or fifty dollars he would have gladly paid that amount, but that Mr. Hubbs was charging him entirely too much for it."

Mr. Hause testifies, and Mr. Hubbs admits, that defendant has paid him $168.85. Mr. Hause declares that this payment was in full for all the work defendant contracted with plaintiff to do and all that it is responsible for.

The building had been erected for the Drs. Ratliff, who employed plaintiff to do certain work in equipping it for the use of the defendant.

Plaintiff testifies that Dr. Ratliff and the other co-owner of the building have paid him all that they owed him.

The question in dispute is as to whether the plaintiff was employed by defendant or by Dr. Ratliff to erect the latticed partition and paint it, and some other small items of work.

Mr. Hause is supported very strongly by Mr. Ryan, whose testimony was taken by commission and is supported by other witnesses and corroborating circumstances.

The plaintiff is supported by a number of witnesses, his employees, and by the testimony of Dr. W. C. Ratliff.

The evidence seems to be pretty well balanced, and we are unable to say that plaintiff has established his demand against the defendant by a preponderance of the proof. But even if defendant's liability therefor appeared, the amount to which plaintiff is entitled on account of erecting and painting the partition in question cannot be determined with reasonable certainty under the evidence adduced on the present trial. It is unfortunate that the situation does not enable us to fix on the amount due the plaintiff and at the same time name the debtor, but we cannot say that the lower court erred in rejecting plaintiff's demand.

For the reasons stated the judgment herein appealed from, as well as the judgment of this court rejecting plaintiff's demand, is to have effect as a judgment of non-suit, and as thus amended the judgment appealed from is affirmed.

Plaintiff and appellant to pay the cost in both courts.